## 51538. HARDIN v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of two counts of aggravated assault. He appeals the judgment of conviction.

The evidence shows that the two victims left their "job site," located in Dougherty County, and walked to a church. While at the church, the victims saw appellant "coming off the Gillionville Road on to the Mud Creek Road." Another witness testified that Mud Creek Road was in Dougherty County.

The victims testified that appellant drove into the church yard and fired a pistol at them. He then forced the victims at gunpoint to ride back to the job site on the hood of his car.

1. Appellant contends that the state failed to prove that the church was located in Dougherty County; and therefore, there was no proof of venue of the alleged aggravated assault. "Venue may be proved by circumstantial as well as direct evidence." *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402). "Where all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved." *Womble v. State,* 107 Ga. 666 (3) (33 SE 630). See also *Smiley v. State,* 66 Ga. 754. In the present case, there was no evidence that the church was located outside of Dougherty County; the evidence strongly and decidedly tended to show that the offense was committed in Dougherty County. It follows that the evidence was sufficient to prove venue of the crimes in Dougherty County.

2. Appellant urges error in the trial judge's charging the jury that it was not possible to have a simple assault with a deadly weapon. An assault becomes aggravated in

two ways: "When there is an intent to murder (or rape or rob) or when it is made with a deadly weapon, regardless of intent. Code Ann. § 26-1302." *Harper v. State,* 127 Ga. App. 359, 360 (193 SE2d 259). It follows that the judge committed no error in charging that it was not possible to have a simple assault with a deadly weapon.

3. Appellant enumerates error on the trial court's failure to charge the misdemeanor offense of pointing a gun or pistol at another. See Code § 26-2908. Appellant was not charged with this offense in the indictment. He made no written request to the trial judge to charge on the lesser offense of pointing a gun or pistol at another. The failure to charge on a lesser crime of that included in the indictment or accusation, without a written request by the state or the accused, is not error. *State v. Stonaker,* 236 Ga. 1.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

SUBMITTED JANUARY 5, 1976 — DECIDED JANUARY 28, 1976.

*Hatcher, Cook & Strickland, Charles F. Hatcher, John L. Tracy,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.