## 51612. YOUNG v. THE STATE.

QUILLIAN, Judge.

Defendant was charged with the murder of Sandy Wigham. She appeals her conviction of the lesser offense of voluntary manslaughter. *Held:*

1. The sole enumeration of error complains of the failure of the trial judge to charge on the law of confessions. Miss Young took the stand in her defense and admitted that she shot the deceased, but only after the deceased had shot at her "four times." The state had previously introduced her pre-trial statement which varied slightly from the version given during trial, but it did not contain the essential elements of a confession. In that statement she also claimed to have shot the deceased in self-defense.

Where an accused admits killing the deceased, but claims justification, a charge on the law of confessions is not authorized (*Harris v. State,* 152 Ga. 193 (6) (108 SE 777)); *Norrell v. State,* 116 Ga. App. 479, 487 (157 SE2d 784), the reason being that a statement which admits commission of the act but also gives legal excuse or justification is not a confession. *O'Neal v. State,* 213 Ga. 232, 234 (98 SE2d 376). Furthermore, there was no request for a charge on confession, thus the failure to charge is not error. *Ivy v. State,* 220 Ga. 699 (5a) (141 SE2d 541). We find no merit to this enumeration of error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 14, 1976 — DECIDED FEBRUARY 2, 1976.

*Percy J. Blount,* for appellant.

*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellee.