## 53046. STRANGE v. THE STATE.

Smith, Judge.

The appellant was indicted and charged with the offenses of theft by taking and aggravated assault. He was convicted of both offenses and appeals to this court enumerating error as to his identification upon the trial on the grounds that certain pre-trial identification tainted the identification made at the trial. He also enumerated error on a charge of the court.

The evidence showed that on January 19, 1976 at approximately 4:45 p.m. one Bobby Batchelor left his work and approached the parking lot in which his truck was parked and noticed a black male beside his truck with one end of a hose in his mouth and the other end in the gas tank of the truck. Two five gallon cans were beside the black male, one of which was full of gasoline and the other had some gasoline in it. Batchelor was from two to four feet from the black male for about ten minutes talking with him at which point Batchelor called a fellow

employee, Wilson, and the two of them then walked peaceably with the black male toward an office in the building where Batchelor and Wilson worked. Just as they arrived, the black male ran. Wilson chased him but was unable to overtake him. Wilson testified substantially the same as Batchelor. Wilson testified that very shortly after the occurrence, while he was discussing the events with another friend, he observed the same black male getting into a gold colored Chevrolet in a parking lot. Wilson ran toward the car telling the black male to stop and had reached the driver's side of the car when the black reached under the seat, pointed a pistol at him and snapped it. Wilson immediately dove behind a parked car and watched the black male drive away. While the car was leaving, Wilson secured the tag number and this was immediately reported to the police. In his testimony, Wilson stated the reason he gave chase to the black male who was getting in the gold colored Chevrolet was because he was the same black male that had escaped from him and Batchelor. A police officer testified he received an all points bulletin at approximately 5 p.m. on the same day for a brownish gold 1965 Chevrolet with a certain tag number and the officer saw the car, stopped it and found the appellant in the automobile, and while conducting an inventory search of the car, this officer located a .22 caliber pistol with one spent shell and three live ones in the cylinder. Batchelor testified that at approximately 7 — 7:30 p.m. on the same day he was called to the city stockade in response to a telephone call and when he arrived there was told by a police officer that they had a suspect whom they wanted him to see. He was shown to a room where a black male was sitting on a bench approximately ten feet from some other people who were gathered around a television set. Batchelor immediately recognized the appellant as the person he saw apparently stealing gasoline from his truck. There was no lineup and nothing done on this occasion to secure or place people in the room of similar build, etc. as the appellant. Nor is it shown the police purposely separated the defendant from the others in the room. The same method of identification occurred when Wilson was called to the stockade the same evening. Both men testified that they readily recognized

the defendant on this occasion at the city stockade. They also testified that their identification of the appellant on the trial as the black male thief was based upon the recognition of the appellant as the black male siphoning gasoline, and by Wilson as the pistol snapper, on the day the alleged crimes occurred. At the time the alleged crimes occurred, it was late in the afternoon with a slight overcast, but it was still daylight and the features of the black male at the scene of the crimes could be easily seen. *Held:*

1. While as a general rule, a police station showup as opposed to a conventional lineup, is not favored (Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199)); in each case it is necessary to look at the "totality of the circumstances." Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247). The things to be considered in determining the likelihood of misidentification at the trial caused by a possibly suggestive prior identification "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation." Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401); *Yancey v. State,* 232 Ga. 167 (205 SE2d 282); *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810); *Griffin v. State,* 229 Ga. 165 (1) (190 SE2d 61).

Upon consideration of these factors, it is clear that the trial judge was authorized to find that the identification of the defendant at the trial was of an origin independent of the alleged improper identifications at the police station and at the commitment hearing. See *Spaulding v. State,* 232 Ga. 411, 412 (2) (207 SE2d 43); Simmons v. United States, 390 U. S. 377, supra; *Fields v. State,* 232 Ga. 723 (1) (208 SE2d 822).

Further the per se inadmissibility of, and per se tainting effect of, a showup identification on an in-court identification (United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178)) will not be extended to preindictment or preprosecutorial proceedings where the

right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime are in conflict. Kirby v. Illinois, 406 U. S. 682, 691 (92 SC 1877, 32 LE2d 411); *Godbee v. State,* 232 Ga. 259 (206 SE2d 432).

2. The trial judge gave the following charge to the jury:

"Now, evidence, ladies and gentlemen, is of two kinds: Direct evidence and indirect evidence or circumstantial evidence. Direct evidence is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issues by proof of various facts sustaining by their consistency the hypothesis or conclusion claimed. Indirect or circumstantial evidence is that which does not in itself establish the ultimate fact but does establish facts and circumstances from which according to the common experience of mankind a reasonable inference may be drawn of the actual existence of the ultimate fact in issue. *When circumstantial evidence is relied upon to establish a fact the evidence must be such as to reasonably establish the theory relied upon and to preponderate to that theory rather than to any other reasonable hypothesis.*

"Now, with respect to the offense of theft by taking I charge you that in a case in which the ultimate fact in issue depends on circumstantial evidence alone as it does with respect to the offense of theft by taking now before you, it is not only necessary that the Defendant be proved guilty beyond a reasonable doubt but it's also necessary that the proven facts must not only be consistent with the hypothesis or conclusion of guilt but must exclude every other reasonable hypothesis or conclusion except that of the guilt of the accused."

Error is enumerated on the italicized portion of the above quoted charge. An identical charge in *Tarpkin v. State,* 236 Ga. 67 (222 SE2d 364), was held to be harmless error in view of that portion of the charge immediately given thereafter. While an apparently contrary ruling was made by this court in *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106), we are bound by the

above Supreme Court decision.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED JANUARY 10, 1977.

*J. H. Affleck, Jr., Robert D. Peckham,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.