## 54271. LEACH v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted, tried, and convicted of the offenses of aggravated assault and possession of a sawed-off shotgun in violation of the Georgia Firearms and Weapons Act. He appeals to this court asserting six enumerations of error.

On July 1, 1975, K. A. Garner, an on-duty Clayton County police officer, and his partner responded to a wife beating incident reported by appellant's neighbor. Mrs. Leach answered the officer's knock at the door and appeared upset, but her hair and clothing were not disheveled. From his vantage point at the doorway, the officer could see into the slightly darkened living room and observed appellant lying on the sofa watching television, but he did not see any indication of a struggle in the room. When asked if she was having problems, Mrs. Leach nodded her head affirmatively. At that point, appellant told the officer that he had no right to be there if he did not have a search warrant. As the officer attempted to explain the reason for his visit, appellant raised up on the sofa, repeated that the officer had no right to be there and threatened, "I'll kill you if you come into this house. If you put one foot in my house I'll kill you." The officer responded that he did not want any trouble, but if the couple were having problems, he could try to settle it, make a report, and leave. Appellant then reached under a sofa cushion as he arose, pulled out a sawed-off shotgun, began walking towards Garner, repeated his threats, jacked a round into the chamber of the gun, aimed the gun at the officer, and said, "I'm going to kill you." The officer hastily retreated to the patrol car and radioed for assistance. When the backup unit arrived, Mrs. Leach appeared from behind the apartment building and urged

the officers not to hurt her husband because he no longer had a gun; he had given it to her after Officer Garner fled and she threw it out the back door. Without further resistance, the officers entered appellant's apartment and arrested him. Mrs. Leach assisted several officers in searching the area behind their patio. A sawed-off shotgun containing three live shells, including one in the chamber, was found in the area below the patio. At trial, Officer Garner identified it as the weapon used by appellant.

1. Appellant contends that the trial court erred in refusing to grant a directed verdict of acquittal on the charge of aggravated assault at the close of the state's case and at the close of all the evidence. He maintains that his actions were those of mere preparation rather than consummation of the crime aggravated assault. We disagree; "[a]ggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon." *Scott v. State,* 141 Ga. App. 848, 849 (234 SE2d 685). Simple assault is committed when a person either "(a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. § 26-1301.

Appellant argues that if pointing a weapon at another while not attempting to rape, rob, or murder, and not discharging it is sufficient to constitute the crime of aggravated assault, then, by judicial fiat, we have eliminated Code Ann. § 26-2908, "Pointing a gun or pistol at another." Quite the contrary, former Code Ann. § 26-5107, "Pointing a weapon at another," was slightly revised and incorporated in the revision of the Criminal Code of 1968 as § 26-2908. The committee notes for this section recognize that "[m]any acts of pointing a pistol at another will constitute aggravated assault under § 26-1302, but even if not all elements required for that crime are present, the pointing of a gun or pistol at another is so calculated to cause injury or reasonable apprehension of injury that it should be a crime when done without legal justification." Appellant's actions and the reaction of the police officer meet all the requirements for an aggravated assault; appellant uttered threatening

words, pulled out a gun, jacked a round into the chamber as he walked towards the officer, aimed the gun, and threatened, "I'm going to kill you." The officer immediately evidenced his fear of harm by retreating.

Appellant contends that *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143), requires "use" of a gun to sustain a conviction for aggravated assault and equates use with pulling the trigger in reliance on *Strange v. State,* 141 Ga. App. 9 (232 SE2d 359); *Radford v. State,* 140 Ga. App. 451 (231 SE2d 365); *Montgomery v. State,* 140 Ga. App. 286 (231 SE2d 108); *Hardin v. State,* 137 Ga. App. 391 (224 SE2d 82); *Harvey v. State,* 233 Ga. 41 (209 SE2d 587). This argument is also without merit. While the above cited cases all involved either an actual or attempted shooting, a gun may also be used to fortify threats in such a manner that the requirements for aggravated assault are satisfied.

2. Appellant contends that the trial court should have granted his motion for a directed verdict of acquittal at the close of the evidence because any action taken by him was in defense of habitation as permitted in Code Ann. § 26-903. The trial judge charged the jury on the affirmative defense of justification. There is no evidence that the jury failed to consider this defense. Based on the evidence introduced at trial, there was sufficient evidence for the jury to find either that the officer did not make an unlawful entry or was not attempting to make one.

Alleged inconsistencies in the police officer's testimony at the hearing on the motion to suppress and at trial only go to the witness' credibility. "Where there is an attempt to impeach a witness by proof of contradictory statements, the jury may believe his evidence notwithstanding attempted impeachment and in absence of corroboration." *Ware v. State,* 18 Ga. App. 107 (3) (89 SE 155). "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." Code § 38-1805. The trial judge charged the jury on the principle of credibility of witnesses in a manner sufficient to instruct them as to how they were to weigh the alleged contradictions in testimony.

3. The appellant's remaining enumerations of error are without merit. The trial court's charge on aggravated

assault was not error; aggravated assault with a deadly weapon includes a simple assault. *Smith v. State,* 140 Ga. 395 (231 SE2d 143).

The trial court has the discretion to permit either the state or the defense to reopen the evidence after resting its case. *King v. State,* 230 Ga. 581 (198 SE2d 305). There is no evidence that the court abused this discretion.

The trial court did not err in overruling appellant's motion to suppress. Mrs. Leach gave her consent to the search after her husband gave the gun to her and she threw it out the back door. Appellant admits giving the gun to his wife. However, he did not give her any instructions as to what she was to do with it, and, therefore, cannot object to her consent. See *Guest v. State,* 230 Ga. 569 (198 SE2d 158).

The trial court did not err in refusing to grant appellant a new trial. "It was the duty of the jury to weigh [the] evidence. Since it found that the defendant was guilty, its verdict must be honored so long as there is any evidence to support it. *Jones v. State,* 17 Ga. App. 479 (87 SE 688)." *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854).

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 30, 1977— REHEARING DENIED OCTOBER 19, 1977 — 

*Stephen E. Boswell,* for appellant.
*William H. Ison, District Attorney, John P. Quinlan, Assistant District Attorney,* for appellee.