## 56647. EVANS v. THE STATE.

SHULMAN, Judge.
The indictment under which appellant was convicted of burglary alleged that he entered a certain house without authority with intent to commit rape. The evidence authorized a finding that appellant entered the

house without authority at approximately 6 a.m. on a day on which appellant had reason to know that the alleged victim was home alone; that entry was accomplished by removing a window screen and crawling through the bathroom window; that the victim was awakened by the sound of her bedroom door opening, heard a noise like clothes being dragged across the floor, and turned on the light to discover appellant on his knees at the foot of her bed with his arms on a stool.

While the evidence detailed above is sufficient to establish that appellant's entry was unauthorized, it does not establish the other essential element of the crime as charged: intent to commit rape. The victim testified that appellant did not speak to her, did not touch or attempt to touch her, and made no effort to prevent her from fleeing. The state having failed to establish an intent to commit rape, the evidence was not sufficient to support a verdict of guilty of the offense as charged. *Williams v. State,* 112 Ga. App. 894 (147 SE2d 50). Compare *Poole v. State,* 130 Ga. App. 603 (203 SE2d 886).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED JANUARY 11, 1979.

*Joseph C. Kitchings,* for appellant.
*J. Lane Johnston, District Attorney, John Roberts Turner, Assistant District Attorney,* for appellee.