## 57898. HILL v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was jointly indicted and tried with two co-defendants for the offense of forgery in the first degree. He appeals from a jury verdict and judgment of guilty. *Held:*

1. The first enumerated error alleges the trial court erred "in overruling defendant's Motion for New Trial in that the pre-indictment show-up was overly suggestive, conducive to misidentification, and tainted any in-court identification by the state's witnesses." We need not reach the issue of the allegedly suggestive confrontation for two reasons. First, the defendant has not cited this court to any page containing the ruling of the court on his motion and our review of the record has failed to disclose a ruling was made. If no ruling was obtained it is deemed to have been waived for this court has nothing to review. *Sprague v. State,* 147 Ga. App. 347, 349 (248 SE2d 711).

Furthermore, the objection was to "any in-court identification by the state's witnesses . . ." The exclusionary rule of "in-court" identification following overly suggestive pre-trial confrontations of the defendant and witnesses arose from United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178). Wade specifically restricted the exclusionary rule to "[i]n-court identification by a witness to whom the accused was exhibited before trial in the absence of counsel . . ." 388 U. S. 219 (4). In Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401), the Supreme Court said the "primary evil to be avoided" is the "substantial likelihood of irreparable misidentification." In the instant case the state did not make any in-court identification of the defendant by either witness to whom he had been exhibited immediately after the attempt was made to pass the forged check. The defendant was permitted to identify himself through his statement to the police as to his participation in this offense. Thus, there is no possibility of misidentification. This enumeration is not meritorious.

2. Defendant charges that his "alleged confession" should not have been admitted into evidence because his

"incarceration was illegal at the time the alleged confession was obtained . . ." The defendant was taken into custody on the afternoon of March 9, 1978. A warrant was not issued for his arrest until March 13 and he argues that "a statement or confession was finally extracted from [the defendant] on March 14."

Detective Selph testified for the state that he advised defendant Hill of his rights on three different occasions. The first time was on the day of his arrest "3/9/78 at 1756 hours." (5:56 p.m.). He was asked: "And he talked to you on the 9th at 1756 hours? A. Yes, sir. Q. This is when you took the confession from him? A. Yes, sir." The officer then repeated the statement of defendant Hill given to him at that time, ending up with his personal failure to get the check cashed and eating the majority of the check. The officer re-advised him of his rights the following morning, the 10th of March, at "11:41 a.m. to find out from him where the remains of the check was that they tore up and swallowed part of . . ." The statement of the defendant was reduced to writing on March 14 after obtaining a warrant for his arrest on March 13.

We find no illegal detention at the time of the oral confession. The offense charged had occurred. The defendant was identified as a participant by one of the persons who had been asked to cash the check. "While legality, duration, and conditions of detention are of course relevant for consideration and determination of whether a confession is voluntary, nothing here appears to require a determination as a matter of law [an appellate court being required to accept factual and credibility determinations made by a trial judge unless clearly erroneous *(High v. State,* 233 Ga. 153, 154 (210 SE2d 673))] that by reason of illegal detention, length of detention, and the conditions here shown, the confession as a matter of law was coerced and involuntary, and therefore inadmissible in evidence." *Wilson v. State,* 229 Ga. 395, 397 (191 SE2d 783); accord, *Brown v. State,* 140 Ga. App. 160, 164-165 (230 SE2d 128), U. S. cert. den., 434 U. S. 819.

" 'That the confession was made . . . before any warrant was issued or formal charge was made against the defendant, or the fact that the defendant was not

thereafter carried before an officer authorized to receive an affidavit and issue a warrant within the time prescribed . . . would not render the confession inadmissible [citing Code § 38-411 and decisions of this court]. The fact that a defendant might be illegally detained at the time of making a statement does not render it inadmissible in a State court (citing Stein v. New York, 346 U. S. 156, 73 SC 1077, 97 LE 1522).' " *Smith v. State,* 218 Ga. 216, 228 (126 SE2d 789); accord, *Pistor v. State,* 219 Ga. 161 (2a) (132 SE2d 183); *Mace v. State,* 144 Ga. App. 496, 499 (241 SE2d 615). This enumeration is without merit.

3. The court did not err in overruling defendant's motion for new trial based on the general grounds. The verdict of the jury was authorized by the evidence.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 22, 1979.

*Barham, Bennett, Miller & Stone, John R. Bennett, Willis L. Miller, III,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.