## 58522. A & N INVESTMENT, INC. v. CRONIC et al.

DEEN, Chief Judge.

A & N Investment, Inc. brought suit against William Cronic and his sister, Mayrell Cronic, on a note for $19,905.15. In their answer, defendants denied signing the note. At trial, Mayrell Cronic stated that the signature on the note appeared to be hers, but she could not recall signing it. R. L. McConnell, a retired real estate broker and notary public, testified that he could not remember signing the note as a witness and could not determine if his signature was genuine and that there was not enough of the notary public's seal on the note for him to determine if it was his. A vice-president of A & N testified that he was chairman of the board of North Bank at the time the transaction took place. He testified that Harrison Cronic, Jr. had overdrawn his account with the bank and that Mayrell and William Cronic went to Chicago and signed a note for $45,000 and an authorization for the North Bank to use the funds on behalf of Harrison Cronic. This note was renewed in the amount of $19,905.15 after Harrison Cronic paid $25,000 on the first note. The witness further testified that he was not present when the second note was executed. The jury returned a verdict in favor of the defendants and A & N brings this appeal contending that the verdict was without evidence to support it, that the evidence shows that appellees are liable for the full amount of the note, and that there is no evidence to support an appellee's verdict in any amount. *Held:*

As appellees denied signing the second note, A & N had the burden of proving that the note was signed by them. The jury verdict indicates that it believed this burden had not been met. The only offer of proof of the signatures was the testimony of Mayrell Cronic and Mr. McConnell. Neither could remember the incident and could not positively identify their signatures. It is well established that the credibility of a witness is a matter of jury determination under proper instruction by the trial court. *Leach v. State,* 143 Ga. App. 598 (239 SE2d 177) (1977). The charge of the trial court shows that the jury was properly instructed. We must therefore find that

there was evidence to support the jury verdict under the "any evidence" rule. *West v. West,* 228 Ga. 397 (185 SE2d 763) (1971).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED OCTOBER 12, 1979.

*James A. Glenn, Jr.,* for appellant.
*Bobby Lawson,* for appellees.

*Judgment affirmed. Shulman and Carley, JJ., concur.*