## 59900. KINNEY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary with intent to commit rape. *Held:*

1. The first enumeration is that the evidence was insufficient to establish an intent to commit rape. The 19-year-old victim testified that the defendant entered her home without authority while she was alone. She was in the bathroom partially dressed when she heard a step in the hallway and saw defendant standing there. Hiding herself behind the bathroom door, she asked defendant what he was doing there. Defendant said he wanted to see her father. She told him her father did not live there any more and described where he could be found. When defendant walked toward her, she tried to shut the bathroom door but defendant blocked it. She opened the door and tried to run but defendant grabbed her arms, pulled her against his body, and told her he wanted to get to her. She struggled free of defendant, told him to get out, and ran into her bedroom to get her pants. She then held an outside door open and told him again to go. He caressed her arm and again said he wanted to get to her. When she told him again to leave he threw up his hands, said "Okay, Okay, all right, all right, I'm gone," ran out the door, got into his car and drove away. She believed he was under the influence of alcohol. Police witnesses established that when defendant was arrested a short time later he was intoxicated. Upon questioning, he denied that he had been in or near the victim's house. Another young woman testified that several years previously she had been a victim of similar conduct of defendant under similar circumstances. Defendant testified that he was a 62-year-old alcoholic, was intoxicated at the time of the alleged offense, had no memory of what occurred, and could not deny the truth of the victim's testimony.

"Whether the defendant entertained an intent to commit a felony [rape] after entering is a matter for the jury to say, under the facts and circumstances proved. *Coney v. State,* 125 Ga. App. 52 (1b) (186 SE2d 478). As a general rule the state must, of necessity, rely on

circumstantial evidence in proving intent. [Cit.] And the fact that defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits]" *Poole v. State,* 130 Ga. App. 603 (2), 605 (203 SE2d 886). Compare *Evans v. State,* 148 Ga. App. 677 (252 SE2d 185).

We find the evidence sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in refusing to give defendant's second request to charge, which was that the defendant had to have the intent to enter the victim's residence for the specific purpose of raping her. The requested charge was fairly covered in the charge given. "The court charged fully on the matter of intent, informing the jury that there was no presumption of one's acting with criminal intent, that there must be a union of joint operation of act and intention in order to authorize a conviction, but that the jury might find the existence of an intent upon a consideration of the words, conduct, demeanor, motive and other circumstances connected with the act for which the defendant was being prosecuted." *Poole v. State,* 130 Ga. App. 603, 605, supra.

3. The third enumeration contends that the portion of the charge "that a person commits burglary when, without authority and with intent to commit a felony or theft therein, he enters or remains in the dwelling house of another . . .", is error because there was no allegation or evidence of any intent to commit a theft. The indictment alleged burglary with intent to commit rape. The jury was charged that the state must prove the specific intent of the defendant as alleged in the indictment and the felony of rape was defined. "The trial court defined burglary for the jury in the terms stated in Code § 26-1601 which included the phrase 'with intent to commit a felony or theft therein.' The indictment charged the defendant with an unlawful entry with intent to commit theft therein. Accordingly, the reference to the intent to commit a felony was not material to the indictment here and was mere surplusage in the charge." *Hibbert v. State,* 146 Ga. App. 887, 888 (247 SE2d 554). We find no merit in this enumeration.

4. The final enumeration claims that the trial court erred in failing to give a charge on simple battery as a lesser included offense. To authorize a charge on a lesser included offense "it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser," *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211). Although "[a]n assault, or assault and battery, is necessarily involved in every case of rape"

(*Sims v. State,* 203 Ga. 668, 670 (47 SE2d 862)), a battery is not a lesser offense in this case of burglary with intent to commit rape as an unlawful touching is not necessarily included within the language of the indictment.

Even assuming that battery was a lesser offense, the contention is without merit as defendant did not make the request to charge in writing. "The failure to charge on a lesser crime of that included in the indictment or accusation, without a written request by the state or the accused, is not error. *State v. Stonaker,* 236 Ga. 1." *Hardin v. State,* 137 Ga. App. 391 (3) (224 SE2d 82).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED MAY 12, 1980 — DECIDED JUNE 2, 1980 — REHEARING DENIED JUNE 27, 1980 —

*Robert F. Coheleach,* for appellant.

*Jeff C. Wayne, District Attorney, Thomas Myron Cole, Assistant District Attorney,* for appellee.