## 60732. THOMPSON v. THE STATE.

SOGNIER, Judge.

Appellant was indicted for murder and convicted of voluntary manslaughter. He brings this appeal following the denial of his motion for new trial.

The evidence disclosed that appellant was driving his car through a south Atlanta neighborhood when the victim called to him and asked him to stop the car. Appellant stopped the car; the victim, after asking and being refused a ride from appellant, allegedly pulled a knife and attacked appellant. Appellant pulled a handgun from under the seat of the car and shot the victim. The victim ran away from the scene and died moments after the shooting. Appellant proceeded to his home and was arrested there, without a warrant, approximately two hours after the shooting. He was tried by the court sitting without a jury.

1. Appellant filed a motion to dismiss the indictment and a motion to suppress based on his assertion that the arrest was made without a warrant and, therefore, was illegal.

Two eyewitnesses testified that appellant was the person who shot the victim. At trial appellant admitted the shooting but asserted that he had acted in self-defense. The eyewitnesses, as well as others interviewed by the investigating officers, described appellant as the assailant, told the police his first name, and informed the police where appellant lived. Acting upon this information, the officers went to appellant's home, identified him as fitting the eyewitness' description and arrested him.

Assuming, without deciding, that the warrantless arrest was illegal, it is not in and of itself a ground for reversal where appellant has been indicted and convicted. *Anderson v. State,* 152 Ga. App. 268 (262 SE2d 560) (1979). The trial court was correct in denying appellant's motion for new trial based on his motion to dismiss.

Following appellant's arrest, the police officers seized a box of ammunition from appellant's car. However, appellant consented to a search of his car at the time of his arrest and later signed a consent to search. The trial court did not err in denying appellant's motion to suppress this evidence inasmuch as the appellant voluntarily consented to the search. *Curry v. State,* 144 Ga. App. 129 (240 SE2d 280) (1977).

Likewise, the trial court did not err in admitting appellant's confession obtained pursuant to his consent. There is nothing in the record to indicate that the confession was coerced or involuntary, and the fact that appellant may have been illegally detained at the time he made his statement does not render it inadmissible. *Hill v. State,* 150

Ga. App. 451. (258 SE2d 206) (1979).

2. Appellant also contends that there was insufficient evidence to support the verdict and that the verdict is contrary to the evidence. Appellant testified that he had shot the victim but that he was acting in self-defense. Appellant's explanation of his actions was a question to be determined by the trier of fact. *James v. State,* 150 Ga. App. 357, 358 (258 SE2d 40) (1979). We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1981 —
REHEARING DENIED FEBRUARY 20, 1981 — ▮▮▮▮▮▮

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.