## 37435. THOMPSON v. THE STATE.

JORDAN, Chief Justice.

We granted certiorari to explore the possibility of the existence of a *per se* rule requiring the suppression of either the fruits of a search that is conducted *with* consent or a *voluntary* confession made while the defendant was held pursuant to a warrantless and illegal arrest. *Thompson v. State,* 157 Ga. App. 600 (278 SE2d 62) (1981).

The victim asked Thompson for a ride in Thompson's automobile. When Thompson refused, the victim allegedly pulled a knife on Thompson and Thompson shot and killed the victim with a pistol he had under the seat of his automobile. Thompson then drove to his home, where he was arrested without a warrant about two hours later.

Eyewitnesses and others identified Thompson as the assailant. The arresting officers clearly had probable cause for the arrest. However, the officers did not have a warrant for Thompson's arrest, exigent circumstances for an arrest without a warrant did not exist, and Thompson did not consent to an arrest in his home without a warrant.

1. Thompson's arrest clearly violated the Fourth Amendment because it took place in his home without a warrant and without either exigent circumstances or his consent. Steagald v. United States, 451 U. S. —— (101 SC 1642, 68 LE2d 38) (1981); Payton v. New York, 445 U. S. 573 (100 SC 1371, 63 LE2d 639) (1980). "[A]bsent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant." Steagald, 101 SC at 1648, n. 7. The Court of

Appeals correctly assumed the illegality of Thompson's arrest.

2. Although Thompson's arrest was illegal, and his confession was obtained and his vehicle searched while he was being held pursuant to the illegal arrest, it does not necessarily follow that either the confession or the fruits of the search should have been suppressed. During recent years, the question of whether or not a defendant freely consented to a search has been determined by application of the "totality of the circumstances" test enunciated in Schneckloth v. Bustamonte, 412 U. S. 218, 226 (93 SC 2041, 36 LE2d 854) (1973). *Mooney v. State,* 243 Ga. 373, 377 (254 SE2d 377) (1979). We also have looked to the totality of the circumstances of each case in reviewing the determination of the trial court as to whether or not a defendant's statement was voluntary. *Pittman v. State,* 245 Ga. 453, 454 (1) (265 SE2d 592) (1980).

The Supreme Court of the United States recently has equated seizures of persons with seizures of tangible items for purposes of the Fourth Amendment, but has not suggested the existence of a *per se* rule excluding a defendant's statement or the fruits of a search simply because the confession or the search was made while the defendant was in custody pursuant to an unlawful arrest. To the contrary, the use of a test requiring a review of the surrounding facts and circumstances has been mandated. Dunaway v. New York, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979); Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975).

The purpose of the inquiry under Dunaway and Brown is to determine whether the items sought to be suppressed although admissible under the Fifth Amendment are nonetheless excludable from evidence under the Fourth Amendment. The question to be answered by the inquiry is whether the items "were obtained by exploitation of the illegality of his arrest," 442 U. S. at 217, and the factors to be considered in answering that question are "the temporal proximity of the arrest and the confession, the presence of intervening circumstances,. . . and, particularly, the purpose and flagrancy of the official misconduct. . . ." 442 U. S. at 218.

In Dunaway and Brown, the police lacked probable cause to arrest the defendants but "rounded up" the defendants and obtained from them confessions and leads to evidence during questioning. The Supreme Court of the United States characterized the conduct of the police in each case as an "expedition for evidence" undertaken "in the hope that something might turn up." 422 U. S. at 605; 442 U. S. at 218.

The police were not on a "fishing expedition" in the present case. Probable cause for the issuance of a proper arrest warrant existed. The police entered Thompson's home and effected his arrest honestly though erroneously laboring under the belief that they

needed no warrant to seize Thompson. Their mistake was not, in our view, to be equated with the purposeful and flagrant conduct of the officers in Dunaway and Brown. Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents, and Weltner, J., not participating.*

DECIDED OCTOBER 20, 1981.

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney,* for appellee.

SMITH, Justice, dissenting.

The unconstitutionality of the arrest in the instant case cannot be seriously challenged. "There remains the question whether the connection between this unconstitutional police conduct and the incriminating statements and [evidence obtained from appellant's home] . . . was nevertheless sufficiently attenuated to permit [their] use at trial . . . [Cits.]" Dunaway v. New York, 442 U. S. 200, 216 (99 SC 2248, 60 LE2d 824) (1979).

For Fourth Amendment purposes, appellant was seized when the police entered his home and arrested him without a warrant. Id. at 206-207. "[A]lthough a confession after proper *Miranda* warnings may be found 'voluntary' for purposes of the Fifth Amendment, this type of 'voluntariness' is merely a 'threshold requirement' for Fourth Amendment analysis . . ." Id. at 217.

"*Brown* identified several factors to be considered 'in determining whether the confession is obtained by exploitation of an illegal arrest: [t]he temporal proximity of the arrest and the confession, the presence of intervening circumstances, . . . and, particularly, the purpose and flagrancy of the official misconduct . . . And the burden of showing admissibility rests, of course, on the prosecution.[1] Id. at 218.

It is undisputed that the arrest, "confession" and "consent" to search all took place around the same time. No "intervening circumstances" have been shown. The majority thus looks solely to the "purpose and flagrancy of the official misconduct." It finds an "honest" mistake on the part of the police.

Honest or not, the mistake constituted flagrant misconduct in

---

[1] See Brown v. Illinois, 422 U. S. 590, 603-604 (95 SC 2254, 45 LE2d 416) (1975).

the constitutional sense. "The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home — a zone that finds its roots in clear and specific constitutional terms: 'The right of the people to be secure in their . . . houses . . . shall not be violated.' That language unequivocally establishes the proposition that '[a]t the very core (of the Fourth Amendment) stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' Silverman v. United States, 365 U. S. 505, 511. In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York, 445 U. S. 573, 589-590 (100 SC 1371, 63 LE2d 639) (1980).

Applying the factors set forth in Brown to the facts of the instant case, I must conclude that the state has not carried its burden of showing that the "confession" and "consent" were not obtained by exploitation of an illegal arrest. I therefore respectfully dissent.