73566. COODY v. THE STATE.
(353 SE2d 618)

POPE, Judge.

Lindy Joe Coody brings this appeal from his convictions of operating a motor vehicle after having been declared a habitual violator, leaving the scene of an accident, and operating a motor vehicle without effective insurance thereon. *Held*:

1. Appellant first enumerates as error the trial court's admitting in evidence certain incriminating statements made by him because

said statements were obtained pursuant to an illegal arrest. However, the record discloses only that appellant filed a motion for pretrial determination of the voluntariness of any statements allegedly made by him pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). "[A]ppellant never challenged the legality of his arrest and raises this argument for the first time on appeal. [Cits.] The legality of the arrest not being challenged below, the trial court did not err in admitting [appellant's statements]." *Hance v. State*, 245 Ga. 856, 863-64 (268 SE2d 339), cert. den., 449 U. S. 1067 (1980), reh. den., 449 U. S. 1135 (1981). In any event, there is nothing in the record to indicate that the statements were coerced or involuntary, and the fact that appellant may have been illegally detained at the time he made his statements did not render them inadmissible. *Thompson v. State*, 157 Ga. App. 600 (1) (278 SE2d 62), aff'd 248 Ga. 343 (285 SE2d 685) (1981); *Hill v. State*, 150 Ga. App. 451 (2) (258 SE2d 206) (1979).

2. Appellant's second enumeration asserts that the State failed to prove venue. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. [Cits.] . . . Uncertainty by some witnesses as to where a crime was committed does not create conflict with unequivocal evidence that the crime was committed in the county where the trial was held." *Taylor v. State*, 154 Ga. App. 279 (267 SE2d 891) (1980); *Hardin v. State*, 137 Ga. App. 391 (1) (224 SE2d 82) (1976). In the case at bar, there was no evidence that the site of the alleged crimes was located outside of Bleckley County, the county where the trial was had. Indeed, the evidence strongly and decidedly showed that the crimes were committed in Bleckley County. It follows that the evidence was sufficient to prove venue of the crimes in Bleckley County.

3. Appellant's final enumeration cites as error the trial court's failure to charge the jury on confessions and admissions, even though there was no such request to charge. "However, the rule is: 'failure to charge the jury upon the subject of . . . confessions is not error in the absence of a timely written request.' [Cits.]" *Ivy v. State*, 220 Ga. 699, 704 (141 SE2d 541) (1965); *Young v. State*, 137 Ga. App. 473 (224 SE2d 109) (1976). Accord *Lane v. State*, 238 Ga. 407 (3) (233 SE2d 375) (1977); *Rogers v. State*, 155 Ga. App. 685 (3) (272 SE2d 549) (1980). See generally *Aldridge v. State*, 236 Ga. 773 (5) (225 SE2d 421) (1976). In any event, the evidence is overwhelming that appellant is guilty; thus, any error in this regard is harmless. See *Cauley v. State*, 130 Ga. App. 278 (2a) (203 SE2d 239) (1973), cert. den., 419 U. S. 877 (1974).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1987.

*Thomas F. Jarriel,* for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee.