A91A0998. MULLIS v. THE STATE.
(410 SE2d 182)

ANDREWS, Judge.
The defendant, Rickey Preston Mullis, appeals his conviction by a jury of the offense of driving an automobile under the influence of alcohol in violation of OCGA § 40-6-391 (a) (4).

The evidence shows the defendant lost control of his truck and

swerved off the road into the yard of a private residence, damaging the resident's automobile and other personal property. Within five minutes after hearing the crash and seeing a truck leave the scene with a flat tire, a nearby resident called the police at 9:55 p.m. to report the accident. When the police arrived at the accident scene about five minutes later, they found debris from an automobile, tire tracks leading from the yard to the paved roadway, and a trail leading down the roadway made by the imprint of a tire rim cutting into the pavement. They followed the trail which led to another residence where a truck was parked with body damage consistent with the debris found at the scene, and one flat, shredded rear tire.

Information provided by residents where the truck was parked, and a check on the license tag, enabled police to identify the defendant as the owner of the truck, and locate his residence about a quarter of a mile away. At about 10:30 p.m., officers arrived at the defendant's residence, and told his father, who answered the door, that the truck had been involved in an accident, and they were looking for the driver. The defendant's father said he would check to see if the defendant was home. The officers followed him back to the defendant's bedroom where the defendant was found in bed. When questioned about the truck, he admitted he had been driving it. Detecting a strong odor of alcohol about the defendant and other signs of intoxication, an officer asked the defendant if he had consumed any alcohol since he had been home. He denied having consumed any alcohol since arriving at his home. Officers then arrested the defendant, and charged him with driving under the influence. The defendant submitted to a breath test at 11:25 p.m. which showed an alcohol concentration of 0.13 grams.

The defendant contended at trial that he lost control of the truck, and swerved into the yard because of a tire blowout. He claimed he had consumed no alcoholic beverages before or while he drove the truck, and that after driving from the scene of the accident, he drove the truck to a friend's house, and walked home because it would not start. He told the jury that, because he was nervous about the accident, he drank almost a pint of alcoholic beverage immediately before he went to bed.

1. In his first two enumerations of error, the defendant claims he was illegally arrested without probable cause, and that the trial court erroneously denied his motion to suppress, and admitted evidence obtained as a result of the arrest. We find no merit in these contentions.

The officers were conducting an investigation into an apparent hit and run accident. They had gathered ample evidence to conclude that the defendant's truck was involved in the accident. This information provided the officers with an articulable suspicion sufficient to authorize them to briefly question the defendant to determine if he

was the driver of the truck. *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891) (1989); *State v. Hodges*, 184 Ga. App. 21 (360 SE2d 903) (1987). Though the defendant's father testified that he let the officers in the house and led them back to his son's room because they threatened to arrest him, the officers stated they made no such threats. We find no evidence of forceful entry by the officers. The evidence was sufficient to enable the trial court to conclude the officers were lawfully present, and that the defendant's father freely and voluntarily consented to their entry into the house. *Dean v. State*, 250 Ga. 77, 78-80 (295 SE2d 306) (1982). When the defendant responded that he had driven the truck, and the officers detected signs of his intoxication, there was probable cause at that point to lawfully arrest the defendant. *Durden v. State*, 199 Ga. App. 397, 398 (405 SE2d 50) (1991). The trial court's findings with respect to the motion to suppress were supported by the record, not clearly erroneous, and, therefore, must be accepted on appeal. *Bryan v. State*, 197 Ga. App. 207-208 (398 SE2d 230) (1990).

2. In his third enumeration of error, the defendant contends the trial court erred by allowing the state to present evidence of the breath test without the testimony of the officer who administered it. The foundation the state must lay in order to support admission of the breathalyzer test results is controlled by OCGA § 40-6-392. See *Brannan v. State*, 261 Ga. 128 (401 SE2d 269) (1991). OCGA § 40-6-392 (a) (1) provides: "Chemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose. The Division of Forensic Sciences of the Georgia Bureau of Investigation is authorized to approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits, which shall be subject to termination at the discretion of the Division of Forensic Sciences."

The state was unable to produce the police officer who administered the test, but instead relied on the arresting officer who testified that he was personally present and witnessed the administration of the test to the defendant; that at the time the test was given, he (the arresting officer) held a valid permit to administer the test given; that when the test was given, the officer administering the test displayed a valid permit issued to her for the purpose of administering the test; that the test given to the defendant was performed in accordance with the approved methods and techniques taught to those holding a valid permit. The arresting officer demonstrated his personal knowledge of the foundational facts, and was subject to a full cross-exami-

nation by the defendant. This was sufficient to lay a proper foundation for admission of the test results in the absence of the administering officer. See *Wallace v. State*, 188 Ga. App. 77, 79 (371 SE2d 914) (1988).

3. The evidence was sufficient for a rational trier of fact to conclude that, as charged in the accusation, the defendant drove the truck with an unlawful blood alcohol level, in that he consumed alcohol before or while driving so that his blood alcohol count reached at least 0.12 grams within three hours after driving the truck, in violation of OCGA § 40-6-391 (a) (4). *Lester v. State*, 253 Ga. 235, 236 (320 SE2d 142) (1984); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991.

*T. Jefferson Moore, Jr.*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.