A93A0900. OKROSS v. THE STATE.
(435 SE2d 454)

POPE, Chief Judge.

Defendant Stephen Okross appeals his conviction on one count of driving under the influence of alcohol and one count of violation of the duty upon striking a fixture. We affirm.

1. The evidence adduced at trial shows that on February 19, 1991, defendant lost control of his vehicle and drove off the road into a ditch and collided with a telephone pole. Two residents of the neighborhood came out to help him and both testified that he smelled strongly of alcohol. The police were called. According to one witness, defendant stated he had no intention of staying at the scene. Both witnesses testified defendant walked down the road stumbling and staggering. When two police officers arrived, the witnesses reported what they had seen.

The police determined that the owner of the car lived down the street and proceeded to defendant's house. They knocked on the front door repeatedly and announced who they were. One officer testified he went to the back of the house and shined a light in a bedroom window and called out to defendant that if he did not come to the door he would obtain a warrant for his arrest and use force to enter the house and arrest him. A woman inside the house told the officer she would come to the front door. There she said her husband was home and said she would have him come into the living room. She did not completely close the door. While she stepped aside to call her husband the officers entered the house and made the warrantless arrest of defendant.

Defendant objected to the admission of testimony concerning defendant's refusal to submit to a breath test and testimony concerning the defendant's manifestations of intoxication observed by the arresting officers on the ground that the arrest was illegal and evidence obtained as a result of the illegal arrest was tainted and inadmissible. After a hearing on defendant's motion, the trial court concluded that the officer's entry into the house was without consent and the warrantless arrest of defendant was thus illegal. Nevertheless, relying upon *Thompson v. State*, 248 Ga. 343 (2) (285 SE2d 685) (1981), the trial court ruled that the testimony which was the subject of defendant's objection was admissible. We agree.

In response to the State's argument that the arrest was not illegal, we note that the trial court's findings concerning the illegality of the arrest in this case must be accepted because it was not clearly

erroneous. See *Mullis v. State*, 201 Ga. App. 75 (1) (410 SE2d 182) (1991). As noted by the Georgia Supreme Court in *Thompson*, the court must look to the surrounding facts and circumstances to determine whether statements made by the defendant while he was in custody pursuant to an unlawful arrest must be excluded. Just as in *Thompson*, the officers in this case clearly had probable cause to arrest defendant. See *Wadsworth v. State*, 209 Ga. App. 333 (433 SE2d 419) (1993). The officers arrested defendant while "honestly though erroneously laboring under the belief that they needed no warrant to seize [defendant]." *Thompson v. State*, 248 Ga. at 344-345. Thus, because the mistake was not a purposeful and flagrant denial of defendant's rights and the arrest was not investigatory or undertaken as part of a "fishing expedition" for evidence, the officers' testimony concerning evidence obtained as a result of the arrest was properly admitted.

2. Defendant argues the trial court erred in allowing the State to present evidence of a similar transaction because the State did not satisfy the requirements set forth in *Williams v. State*, 261 Ga. 640 (2b) (409 SE2d 649) (1991). In *Williams* the Georgia Supreme Court ruled that before evidence of independent offenses or acts may be admitted into evidence the trial court must conduct a hearing pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must show: (1) that it seeks to introduce the evidence not to raise an improper inference as to the defendant's character but for an exception to the general rule of inadmissibility; (2) that sufficient evidence exists to establish the defendant committed the independent offense or act; and (3) a sufficient connection or similarity exists between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. Id.

The trial transcript in this case shows that in a hearing on the defendant's motion in limine to prevent the admission of such evidence, conducted immediately before the trial commenced, the trial judge referred to a preliminary hearing in which the State presented its argument in support of its request for leave to present evidence of a similar transaction. Although the transcript of the preliminary hearing is not a part of the record, the trial judge indicated that at the preliminary hearing the prosecuting attorney made statements in her place sufficient to show a legitimate purpose for the introduction of the evidence and to show a sufficient similarity between the independent act and the charge of DUI in this case.[1] The trial judge also stated he made a preliminary ruling at that hearing that the State had met its burden and could introduce evidence of an independent

---

[1] Although the trial court did not mention that the State had made a sufficient showing of identity, on appeal the defendant argues only that the State failed to show a sufficient connection or similarity between the independent offense or act and the crime charged.

offense. A hearing in which the State relies upon the statements of the prosecuting attorney to make the required showing for the admissibility of similar transaction evidence is sufficient to satisfy the requirements of Uniform Superior Court Rule 31.3 (B). See *McGowan v. State*, 198 Ga. App. 575 (1) (402 SE2d 328) (1991). We find no error in the admission of the evidence that defendant had previously been charged with DUI. Sufficient similarity with the facts of the case at hand was shown by the fact that both incidents occurred in the evening hours in Gwinnett County and, just as evidence was presented that defendant appeared intoxicated at the scene of the offense in this case, in regard to the previous transaction evidence was presented that the officer arrested defendant as a result of his failing several field sobriety tests.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED AUGUST 6, 1993 —
RECONSIDERATION DENIED AUGUST 26, 1993 ▮▮▮▮▮▮▮▮▮

*Fletcher W. Griffin III, Les Seagraves*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellee.