A98A1991. ESTES v. THE STATE.
(505 SE2d 840)

BLACKBURN, Judge.

Anthony Leon Estes was convicted of kidnapping, false imprisonment, robbery, and simple battery. On motion for new trial, the trial court merged the false imprisonment conviction with the kidnapping conviction. In his sole enumeration of error on appeal, Estes contends that the evidence was insufficient to support his kidnapping conviction because there was no evidence of asportation. We affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Hawkins v. State*, 230 Ga. App. 627, 629-630 (3) (497 SE2d 386) (1998).

"Pursuant to OCGA § 16-5-40[,] a person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will. . . . [A]s to the asportation element of kidnapping, only the slightest movement of the victim is required to establish that element. Further, kidnapping is not a continuous crime; it is completed when the victim has been seized and asported to some degree." (Citation and

punctuation omitted.) *Lockett v. State,* 217 Ga. App. 328, 329 (1) (457 SE2d 579) (1995).

Viewed in the light most favorable to the verdict, the evidence in this case showed that Heidi Clark was working the late shift at a Wal-Mart store in Hiram, Georgia. At about 1:25 a.m., she parked her truck in the parking lot, got out of the vehicle, and saw Estes running toward her. Estes told Clark to get back into the truck and grabbed her by the throat and arm. Clark testified that Estes "pulled me towards the door, and he started to reach for it, and I just — that's when I tried to start getting away." She testified that Estes "moved me a little towards the door," and that she took a single step at that time. After a brief struggle, she was able to escape and run away from Estes.

Estes contends that Clark's testimony shows she moved at most a single step, and that this slight movement cannot satisfy the asportation requirement. However, "[t]here is no minimum requirement as to the distance. That asportation was of short duration is without legal significance." (Punctuation omitted.) *Giddens v. State,* 190 Ga. App. 723, 725 (3) (380 SE2d 274) (1989). See also *McGinnis v. State,* 183 Ga. App. 17, 18 (1) (358 SE2d 269) (1987) (" ' "The distance the victim is carried is not material. Any carrying away is sufficient." ' "). In *Giddens,* we found the asportation element satisfied when the defendant pushed the victim, who was standing in front of a car door, into the driver's seat. In *Harshaw v. State,* 222 Ga. App. 385 (474 SE2d 226) (1996), the only evidence of asportation was that the defendant pushed the victim to the ground and there struggled with her. It is clear, then, that the asportation element may be satisfied by slight movement on the part of the victim. This body of law is well settled, and we are bound to follow the holdings of our Supreme Court. See *Waters v. State,* 248 Ga. 355, 367 (283 SE2d 238) (1981).

Estes' claim that any movement by the victim was merely incidental to the struggle, and thus constituted a mere positional change, is not supported by the evidence. The jury was authorized to conclude that Estes was trying to force the victim into her truck, and in fact succeeded in moving her a short distance toward that objective. Although Estes claims that this at most constitutes attempted kidnapping, the offense of kidnapping "is completed when the victim has been seized and asported to some degree." *Lockett,* supra at 329 (1). Because there was evidence that the victim was moved a short distance against her will, there was sufficient evidence of asportation to support Estes' kidnapping conviction. Estes' reliance on *McGinnis,* supra, is groundless, as there was no evidence of asportation in that case. Moreover, the defendant in *McGinnis* was charged with and convicted of attempted kidnapping, so the element of asportation was not at issue in that case.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 31, 1998.

*Jason T. Shwiller*, for appellant.
*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.