## A99A1490. EVANS v. THE STATE.
### (522 SE2d 506)

ELLINGTON, Judge.

Gabriel Evans was indicted by a DeKalb County grand jury on multiple counts and was found guilty by a jury of kidnapping with bodily injury, kidnapping, OCGA § 16-5-40, aggravated assault, OCGA § 16-5-21, and possession of a firearm by a convicted felon, OCGA § 16-11-131. Evans was found not guilty of aggravated assault with a deadly weapon and four counts of possession of a firearm during the commission of a crime. Following the denial of his motion for new trial, Evans appeals enumerating four errors. We conclude that the evidence was sufficient to support his convictions and that Evans waived any claim as to the effectiveness of his trial counsel and, therefore, affirm.

1. In his first enumeration of error, Evans contends the evidence was insufficient to support his conviction on the kidnapping charges because there was no evidence that the victim, Aretha Perkins, was abducted or stolen away.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Evans] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the evidence shows that Evans and two other young men went to a known crack and prostitution house where Perkins had been staying for a few days. Perkins,

who answered the door, refused to admit the three young men. They later returned, were admitted by another person, and began to beat Perkins in the front room. Evans had a handgun which he gave to one of the other two, Quinton Williams. Williams struck Perkins with the pistol, then Evans took the gun back and also hit her with it. After each of the three men had punched and kicked Perkins, they carried or dragged her out the front door and continued to beat her outside the house. The three men then left in a car, leaving Perkins on the ground. Perkins testified that during the beating she considered trying to escape through the front door; she did not have the opportunity to do so before she was dragged out.

We reject Evans' contention that he was entitled to a directed verdict of acquittal because the State failed to show any evidence of asportation or any movement of the victim against her will. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Only the slightest movement of the victim is required to constitute the necessary element of asportation. *Harshaw v. State*, 222 Ga. App. 385, 386 (1) (474 SE2d 226) (1996); *Love v. State*, 190 Ga. App. 264 (1) (378 SE2d 893) (1989). In establishing the element of asportation, there is no minimum requirement as to the distance a victim is moved, nor is there a minimum requirement as to the time the victim is held. *Estes v. State*, 234 Ga. App. 150, 151 (505 SE2d 840) (1998); *Giddens v. State*, 190 Ga. App. 723, 725 (3) (380 SE2d 274) (1989).

In this case, although the movement of Perkins was apparently incidental to the assault since the three men began attacking Perkins before moving her, under the precedent cited here the evidence supported the jury's finding that Evans and the others moved her against her will. Finally, the fact that Perkins might have wanted to escape her attackers is not inconsistent with the jury's finding, inherent in their verdict, that she was dragged out of the house against her will.

2. Evans' trial was bifurcated, and the charge of firearm possession by a felon was tried after the jury returned guilty verdicts on the kidnapping and assault charges. In his second enumeration of error, Evans contends that the evidence was insufficient to support his conviction on the firearm possession charge, specifically because the State did not prove that he was the same Gabriel Evans as the one named in the certified copies of two felony convictions introduced in support of the charge. Witnesses identified Evans as Gabriel Evans on the record. The certified copies of the previous convictions, to which Evans raised no objection, identified the felon by the same name. "Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary." (Punctuation omitted.)

*Robinson v. State*, 231 Ga. App. 368-369 (1) (498 SE2d 579) (1998). Evans has identified absolutely no evidence which would rebut the presumption of identity. Thus, there existed ample evidence from which the jury could conclude, under the *Jackson v. Virginia* standard, that Evans was the same person as named in the previous convictions.

3. Evans contended in his third enumeration that the trial court failed to instruct the jury that it could consider in the second stage of the bifurcated trial evidence introduced during the first stage. Evans did not request such an instruction and claims no prejudice from the trial court's failure to give the instruction. Evans argues, rather, that the jury was not authorized to consider the evidence of his identity presented in the first phase of the trial when considering the charge of possession of a firearm by a felon. We find no merit in this argument. Evans may not challenge the trial court's failure to give a jury instruction he did not request, and in any event, the trial court's failure to instruct the jury that it could and should consider evidence from the first part of the trial could have only benefited — not harmed — him. *Coody v. State*, 181 Ga. App. 701, 702 (3) (353 SE2d 618) (1987); *Mullins v. State*, 144 Ga. App. 22, 23 (240 SE2d 297) (1977). Furthermore, the jury was authorized by law to consider evidence from the first phase of the trial during its deliberations on the charge of possession of a firearm by a felon, and it apparently did so, even without being so instructed. *Franklin v. State*, 208 Ga. App. 740 (431 SE2d 733) (1993). No error has been shown.

4. Evans, represented by new counsel, did not argue in his motion for new trial that his trial counsel was ineffective. Because his new counsel failed to seize the first opportunity to challenge the effectiveness of trial counsel in the motion for new trial, Evans' contention that his trial counsel was ineffective is procedurally barred on appeal. *Price v. State*, 228 Ga. App. 155, 156 (1) (491 SE2d 210) (1997).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED SEPTEMBER 30, 1999.

*Wilson, Morton & Downs, Robert G. Morton, Shannon P. Lanzone*, for appellant.

*J. Tom Morgan, District Attorney, Benjamin M. First, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.