A99A1289. COLLINS v. THE STATE.
(523 SE2d 359)

ANDREWS, Presiding Judge.

Donald Collins appeals from the judgment entered after his conviction of four counts of aggravated assault, four counts of kidnapping, and one count each of burglary and possession of a firearm during commission of a felony. A kidnapping count and an aggravated assault count were included for each of two dishwashers and two waitresses present when DaVinci's Restaurant was robbed on December 5, 1997. Collins challenges the sufficiency of the evidence regarding the kidnapping convictions and denial of his motion to sever counts of the indictment.

1. Collins asserts error in the denial of his motion to sever the counts arising from the DaVinci's incident (Counts 1 through 12) from Counts 13 through 15 arising from the July 13, 1997 attempted

burglary of Bell's Grocery Store. Collins was acquitted of the latter three counts.[1]

On July 13, 1997, around 6:45 a.m., Holloman, an employee of Bell's Grocery, arrived to open the store. As she unlocked and entered the door, a man wearing a red bandanna and hooded jacket ran up to her and jammed something into the door, preventing its closure. He forced her into the store and began pummeling Holloman in the head with what she believed to be a pipe. The alarm went off, and the man fled. Officers responding found, near the front door, the wooden forepiece[2] of a shotgun near some blood spatters. No pipe was found.

On December 5, 1997, the employees of DaVinci's were closing up, tallying receipts and cleaning the restaurant around 11:30 p.m. All exterior doors were locked except a side door which Borders and Evans, the dishwashers, had propped open so they could empty mop water and trash. As they were walking back from doing so, Collins, wearing black pantyhose over his face, forced his way into the restaurant behind them, holding a 12-gauge shotgun. The shotgun had the stock sawed off and the forepiece missing.

Collins pushed Borders up against the wall. He demanded money from Manley and Bragg, the two waitresses. When Bragg was unable to open the cash register, Collins herded Evans and the two cashiers toward the manager's office. Borders slipped under the kitchen door, obtained a large pot, snuck up behind Collins and began hitting him over the head. Collins still did not drop the gun, which discharged into a wall. The manager, the owner, and the rest of the employees then wrestled Collins into the rear parking lot where he was held until police arrived.

An expert opined that the forepiece of a shotgun found at Bell's Grocery had previously been attached to the shotgun found in Collins' possession at DaVinci's.

Collins is correct that, when crimes are joined *solely* because they are of the same or similar nature, an accused is entitled to a severance. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975).

Even overlooking the similarities in the DaVinci's and Bell's Grocery crimes, i.e., the use of the shotgun and a disguise and the entry into businesses during hours when they were closed, there is another basis upon which the evidence was admissible. The same weapon was used in both crimes. Therefore, evidence relating to the earlier use of this shotgun and recovery of a part of it from Collins' possession upon his arrest for the DaVinci's incident and recovery of the other part

---

[1] Additional counts arising from the November 11, 1997 robbery of Compadre's Restaurant were severed by the court.

[2] This is the narrow wooden piece attached to the barrel of the gun to allow one to hold the barrel while firing.

from Bell's was admissible. *Morrow v. State*, 226 Ga. App. 833, 834 (1) (487 SE2d 669) (1997); see *Dennis v. State*, 263 Ga. 257, 259 (6) (430 SE2d 742) (1993).

It cannot be said that the trial court abused its discretion in denying Collins' motion for severance. *Anderson v. State*, 236 Ga. App. 679, 680 (1) (513 SE2d 235) (1999).

2. Collins' second and third enumerations are that the evidence was legally insufficient regarding the aggravated assault and kidnapping of Willie Evans, one of the dishwashers, because he was not called to testify.

Although Evans did not testify, Borders testified that, when she and Evans were followed into the restaurant by Collins and she was pushed against the wall, Collins then marched the two waitresses and Evans "around with the shotgun," and cashier Manley testified that Evans was about six feet from her, near the bar, when Collins was pointing the shotgun at them and that Evans appeared to be "in shock."

Regarding aggravated assault, " '[t]he state of mind of the victim of an assault is a question of fact, which may be established by circumstantial evidence. [Cit.] . . . *Lewis v. State*, 215 Ga. App. 161, 162 (2), 163 (450 SE2d 448) [(1994)].' " *McKinney v. State*, 218 Ga. App. 633, 635 (2) (463 SE2d 136) (1995).

Viewed with all inferences in favor of the jury's verdict, *Kahn v. State*, 235 Ga. App. 229 (509 SE2d 137) (1998), we find the evidence of aggravated assault of Evans sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Curtis v. State*, 190 Ga. App. 173, 174 (1) (378 SE2d 516) (1989).

Kidnapping requires that one abduct and steal away a person without legal authority and against his will. OCGA § 16-5-40 (a).

> Only the slightest movement of the victim is required to constitute the necessary element of asportation. [Cits.] In establishing the element of asportation, there is no minimum requirement as to the distance a victim is moved, nor is there a minimum requirement as to the time the victim is held. [Cits.]

*Evans v. State*, 240 Ga. App. 215, 216 (1) (522 SE2d 506) (1999).

The evidence of kidnapping of Evans was legally sufficient. *Evans*, supra.

3. The evidence of kidnapping of Borders was also sufficient. She was forced to move in a direction she would not have gone and then pushed into a wall. *Jackson*, supra; *Evans*, supra.

4. Collins contests the legal sufficiency of the evidence of kidnapping of Manley and Bragg, the two waitresses, because Manley told

Collins, after Bragg could not open the register, that the manager and owner had the money in the back and she would lead him back there.

Manley also testified that Collins was getting angry when they could not open the register and continued pointing the shotgun at them. He repeatedly demanded money and to see the manager. Neither Manley nor Bragg would have gone to the manager's office absent Collins' demands for money. As Manley stated: "[he] had a gun to me. I was going to do whatever he wanted, and he wanted the money. . . . He directed me to take him to the money and that's where the money was."

The evidence of asportation of Manley and Bragg was sufficient. *Gibson v. State*, 233 Ga. App. 838, 842 (4) (b) (505 SE2d 63) (1998).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 6, 1999.

*Elizabeth M. Grant*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.