## S01A0336. MANNING v. THE STATE.
(545 SE2d 914)

FLETCHER, Presiding Justice.

A jury convicted Donnie Jeff Manning of murder in the drowning death of his ex-wife, Darlene Manning.[1] He appeals contending that the trial court erred in denying him a continuance. Because Manning did not establish the need for a continuance, the trial court did not abuse its discretion in denying one, and we affirm.

1. The evidence at trial showed that Manning had a history of extreme violence against his ex-wife and she had a restraining order that prohibited him from coming near her. The day of the murder, the couple's teen-age children were staying with Manning on the last day of their summer visitation. Manning's daughter saw him, dressed in dark clothing, leave his house early through a window. Manning drove to the victim's house, parked his car off the side of the road near her house, entered the house, rendered her unconscious and drowned her in the bathtub. He then went home, changed clothes, and took the children back to the victim's house, where the children discovered their mother's body. In a statement given to police and read at trial, Manning contended that his ex-wife had invited him over, asked him to resume their relationship and to take a bath with her, got angry when he refused and attacked him with a knife. He claimed that he pushed her into the tub and left while she was gasping for breath. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Manning guilty of the crimes charged.[2]

2. Manning contends that the trial court erred in denying his third motion for a continuance. Three weeks before trial, Manning sought a continuance in order to hire investigators and expert witnesses. He had received previous continuances for this purpose, but only recently had been able to access the funds necessary to retain the experts. Manning stated that he wished to hire a handwriting expert and an expert to "evaluate a homicide investigation." In seeking a continuance to obtain experts, the defendant should provide the trial court with details sufficient for the trial court to assess the need for the witnesses and the delay.[3] Because Manning did not provide

---

[1] The crimes occurred August 12, 1996. A grand jury indicted Manning on May 12, 1997. After a three day trial, the jury found him guilty on September 29, 1999. The trial court sentenced Manning to life imprisonment for malice murder and a consecutive 20-year term for burglary. Manning filed his notice of appeal on October 27, 1999. The case was docketed in this Court on November 17, 2000 and submitted for decision without oral arguments on January 8, 2001.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Cf. *Roseboro v. State*, 258 Ga. 39, 41 (365 SE2d 115) (1988) (motion for funds to hire

sufficient information to the trial court that explained the need for these witnesses, we conclude that the trial court did not err in denying the motion.[4]

3. Edward Harris was a witness for the state who testified that he saw a car near the crime scene. During the trial, he was unable to remember any details about the car. The state called the agent to whom Harris had given his statement the day of the crime. The statement contained the missing details that linked the car to Manning. A party may introduce a prior consistent statement of a forgetful witness where the witness testifies at trial and is subject to cross-examination.[5]

4. Manning failed to make a timely objection to the composition of the jury panel. Therefore, this issue is not preserved for appeal.

5. The record supports the trial court's denial of Manning's motion to suppress his statement.[6]

6. A violation of the rule of sequestration does not require the exclusion of the witness's testimony, but only affects the weight and credibility of the evidence.[7]

7. A review of the re-charge on burglary demonstrates that it contained no expression of the trial court's opinion of Manning's guilt or innocence.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Ricky E. Jones,* for appellant.
*John R. Parks, District Attorney, Alicia C. Jones, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

---

expert must disclose why evidence is critical, what type of scientific testimony is needed, and what the expert will do with the evidence).

[4] OCGA § 17-8-22 (application for continuance is within judge's discretion).

[5] *Gardiner v. State,* 252 Ga. 422, 424-425 (314 SE2d 202) (1984). See also *Woodard v. State,* 269 Ga. 317, 320 (496 SE2d 896) (1998).

[6] *Johnson v. State,* 258 Ga. 856, 857 (376 SE2d 356) (1989).

[7] *Blanchard v. State,* 247 Ga. 415, 417 (276 SE2d 593) (1981).