## A01A1593. SHUE v. THE STATE.
### (553 SE2d 348)

MIKELL, Judge.

James R. Shue was indicted for kidnapping with bodily injury but convicted of false imprisonment as a lesser included offense.[1] The trial court sentenced Shue as a recidivist to ten years imprisonment. On appeal, Shue challenges the sufficiency of the evidence to support his conviction and the admission of the photographic lineup into evidence. We affirm.

On appeal, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] So viewed, the evidence shows that on May 17, 2000, at approximately 1:00 a.m., Michelle Guthrie stopped at a gas station in Columbus to use a pay phone. While speaking with her boyfriend on the telephone, Guthrie testified that she noticed a man standing four or five feet away, leaning against his vehicle. Guthrie later identified the man as Shue.

Guthrie assumed Shue was waiting to use the phone. However, when Guthrie concluded her call and walked to her vehicle, she testified that Shue put his fist in her back and threatened to kill her unless she got into her car. Guthrie testified that when she pushed Shue away and turned to enter her car, Shue put his arm around her neck and attempted to choke her. She lost consciousness and awoke inside her vehicle, straddling the console. Guthrie later explained that when she awoke, Shue was standing outside her vehicle, trying to push her into the passenger's seat. Guthrie testified that she held onto the steering wheel and honked the horn. Shue swore at her, called her a "psychotic idiot" and walked away. Guthrie drove to her boyfriend's house and called the police.

Officer Ashley Jamerson responded. He testified that Guthrie reported to him that Shue put his hands around her throat and started forcing her into her car. Guthrie then told him that she

---

[1] Shue was also indicted for simple battery, but the jury acquitted him of that charge.

[2] *Wilson v. State*, 233 Ga. App. 327, 328 (1) (503 SE2d 924) (1998).

screamed and honked the horn, and Shue ran away. On cross-examination, Officer Jamerson admitted that he indicated in his report that Guthrie got into her car after Shue fled.

Shue testified that while stopped at the gas station he noticed Guthrie sitting on the curb, whimpering. According to Shue, he helped her stand up and opened her car door. Shue then testified that as Guthrie sat in her car, she said, "What are you doing? I don't know you." Guthrie started honking the horn. Shue slammed her car door and called her a "stupid bitch." He watched her drive away, then left.

1. Shue argues that the evidence cannot sustain his conviction of false imprisonment as a lesser included offense of kidnapping. Shue contends that under the evidence presented at trial, he was either guilty of the offense of kidnapping or not guilty of any offense. We disagree.

False imprisonment is committed by "an arrest, confinement or detention of the person, without legal authority, which violates the person's personal liberty (i.e., against his or her will)."[3] "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will."[4] The only difference between false imprisonment and kidnapping is that kidnapping requires asportation.[5]

"Asportation" is defined as "a carrying away."[6] "[T]he asportation element may be satisfied by slight movement on the part of the victim."[7] Shue contends that if the jury believed Guthrie's testimony, then the evidence demanded a finding that he "carried her away"; but if the jury believed Shue's testimony, then the evidence was insufficient to support his conviction of any crime. In other words, he asserts that either the detention occurred with asportation or it did not occur. We disagree. While the evidence would have supported a finding of asportation, such a finding was not demanded. Rather, the evidence of asportation was in conflict. Officer Jamerson testified that he had written in his report that Guthrie got into her car *after* Shue fled. A jury is entitled to believe part of a witness' testimony and discount or disregard the rest of the witness' testimony.[8] In this case, the jury could have believed Guthrie's testimony that Shue held her against her will but discounted her testimony that he pushed her into the car. Thus, the jury could have found that Guthrie was

---

[3] (Punctuation and footnote omitted.) *Rehberger v. State*, 235 Ga. App. 827, 828 (1) (510 SE2d 594) (1998); OCGA § 16-5-41 (a).

[4] OCGA § 16-5-40 (a).

[5] *Sallie v. State*, 216 Ga. App. 502, 503 (455 SE2d 315) (1995).

[6] Webster's New Intl. Dictionary (2nd ed.), unabridged. See also *Estes v. State*, 234 Ga. App. 150, 151 (505 SE2d 840) (1998).

[7] *Estes*, supra, 234 Ga. App. at 151.

[8] *Hicks v. State*, 221 Ga. App. 735, 736 (1) (472 SE2d 474) (1996).

detained without having been carried away and therefore falsely imprisoned but not kidnapped. The evidence is sufficient to sustain Shue's conviction.[9]

2. Shue next contends that the trial court erred in denying his motion in limine to exclude evidence of the photographic lineup. In his motion, Shue did not argue that the lineup was impermissibly suggestive. Rather, he argued that the risk of unfair prejudice outweighed the probative value of the lineup because Shue did not intend to challenge the state's evidence that Shue was the person whom Guthrie encountered at the gas station. However, a careful reading of the record reveals that Shue never offered to stipulate to his identity in lieu of requiring the state to prove identity. Accordingly, the trial court did not abuse its discretion in admitting the challenged evidence. Further, Shue's argument that the photographic lineup impermissibly placed his character into evidence is controlled adversely to him by *Milsap v. State*.[10]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 1, 2001 — 

*Clark C. Adams, Jr.*, for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.

---

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] 196 Ga. App. 820, 822 (2) (397 SE2d 168) (1990).