A04A2003. PICKETT v. THE STATE.
(609 SE2d 181)

JOHNSON, Presiding Judge.

A jury found Reginald Renard Pickett guilty of kidnapping with bodily injury, child molestation, and enticing a child for indecent purposes. He appeals from the convictions, contending the trial court erred in denying his motion for a directed verdict of acquittal on the kidnapping with bodily injury charge, and in imposing a life sentence on that charge when a life sentence was not mandatory. He also urges that he was denied effective assistance of trial counsel. None of these contentions has merit, so we affirm his convictions.

1. Pickett contends he was entitled to a directed verdict of acquittal on the kidnapping with bodily injury charge because the state failed to present evidence that the victim was abducted. According to Pickett, the evidence showed that the child was not grabbed or forced into the truck, but entered it voluntarily. Pickett was not entitled to a directed verdict of acquittal.

Viewed in a light most favorable to the verdict,[1] the evidence shows that on June 17, 2000, a man driving a red pickup truck approached the 11-year-old victim and his 14-year-old brother as they walked down the street. The man asked the boys if they wanted a job helping him move some items to a business he was opening. The younger brother agreed, and the older brother stayed behind. The older brother reported the incident to his grandmother, and the grandmother called police.

The man drove the child to a hotel, telling him the items which they were to move were in the hotel room. Once inside the room, the man pulled out a knife and told the child to remove his clothes. The man threatened to kill him if he did not do as he was told. The child tried to use the telephone to call police, but the man ordered him to

---

[1] *Reynolds v. State,* 265 Ga. App. 776 (595 SE2d 606) (2004).

hang up the phone. The man then forced the child to drink liquor and took him, at knife point, into the bathroom to take a bath. The man removed his own pants, forced the child onto the bed, touched the child's genitals and buttocks, put petroleum jelly on the child's anus, and inserted his penis into the child's anus. The child became sick, and vomited beside the bed.

The man drove the child to a school and dropped him off. The child walked to his grandmother's house. When he arrived, he was disheveled, intoxicated, and crying. The child told his grandmother that he had been molested and that his rectum hurt. The grandmother called police, and the child was taken to the hospital.

The emergency room physician who examined the child testified that the child was intoxicated, that he reported being molested, and that his rectum hurt, though the physician noted no obvious external trauma to the child's anus. A blood alcohol test conducted at the hospital showed a result of 0.14. On June 20, a pediatrician specializing in child abuse cases examined the child. She testified that there was redness, tearing and swelling on the child's anus, findings which were consistent with sexual abuse and penetration that had occurred within 72 hours of the examination. She testified that her examination differed from that conducted in the emergency room in that she used different equipment, including a tool which magnifies the tissue in the area and reveals conditions not apparent to the naked eye.

A police detective testified that the child's brother had reported to police that the child was taken by a very overweight man in a red pickup truck. Based on what the victim told police about the hotel, the police went to the Master's Inn in Macon, where they discovered that Pickett had rented room 247 on June 17, that he had shown his driver's license to the clerk, and that he had described his vehicle as a red pickup truck. A copy of Pickett's driver's license admitted at trial showed his weight as 471 pounds.

Police entered the hotel room and discovered vomit on the floor, and feces on the bed sheets and towels. DNA analysis showed a match between the feces found on the linens in the room and a blood sample taken from the child.

Macon police obtained an arrest warrant for Pickett and arrested him at his home in McDonough. Initially Pickett told police he had never been to Macon. But when police found in Pickett's home a registration ticket from the Master's Inn in Macon, and in his truck a parking permit for room 247 of the Master's Inn, he admitted that he had been at that hotel in Macon. He denied having had any contact with the child, or having had a child in his hotel room. The child picked Pickett's photograph out of a lineup saying he was positive that he was the perpetrator. The child's brother also selected Pickett's photograph out of the lineup without hesitation.

A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds the person against his will.[2] The state does not dispute Pickett's claim that the child voluntarily entered the truck. Instead, the state maintains that the abduction element of the kidnapping occurred inside the hotel room, when Pickett forced the child at knife point to go from the bedroom area to the bathroom, and then from the bathroom to the bed. We agree that the kidnapping occurred inside the hotel room. But we disagree with Pickett's position and the state's concession that the child's entry into the truck was voluntary and could not be used to satisfy the abduction element of kidnapping.

As to the asportation requirement of kidnapping, only the slightest movement of the victim is required.[3] There is no minimum requirement as to the distance.[4] For example, we have found the asportation element of kidnapping satisfied where the victims were forced at gunpoint to move to different rooms in a house.[5]

Furthermore, the fact that the child entered the truck without physically being forced to do so does not support Pickett's position that no kidnapping occurred. The abduction required by the kidnapping statute need not be accomplished by force — inducement, persuasion or fraud is sufficient to prove abduction.[6] Thus, whether a taking or abduction is forcible or by enticement is immaterial under the kidnapping statute.[7] In this case, Pickett persuaded the 11-year-old child that he would pay the child to work for him. Pickett's actions in fraudulently inducing the child to get into his truck and go with him constituted an abduction within the meaning of the kidnapping statute.

We note that Pickett's argument made in a reply brief that the state also failed to prove bodily injury is belied by the child's report that Pickett hurt him and by the pediatrician's findings which were consistent with the child's report of anal injury. A rational jury could have found from the evidence the essential elements of the crime of kidnapping with bodily injury beyond a reasonable doubt, so a directed verdict was not required.[8]

---

[2] OCGA § 16-5-40 (a).

[3] *Estes v. State*, 234 Ga. App. 150 (505 SE2d 840) (1998).

[4] Id. at 151.

[5] *Chambley v. State*, 163 Ga. App. 502, 503 (1) (295 SE2d 166) (1982).

[6] *Fredrick v. State*, 181 Ga. App. 600, 601 (1) (353 SE2d 41) (1987).

[7] Id. at 602 (1).

[8] See generally *Evans v. State*, 240 Ga. App. 215, 216 (1) (522 SE2d 506) (1999); *Lindley v. State*, 225 Ga. App. 338, 339 (1) (484 SE2d 33) (1997) (directed verdict only warranted where no conflict in the evidence and evidence demands a verdict of acquittal as a matter of law).

2. Pickett contends he was denied effective assistance of counsel because (a) the rule of sequestration was violated by the trial court's allowing the victim's grandmother, who was also a witness in the case, to be present during the victim's testimony; (b) a juror was sleeping during the trial; and (c) the pediatrician who examined the victim had not been qualified as an expert. The implication is that counsel did not object to these incidents.

In order to show he was denied effective assistance of counsel, Pickett must show both that counsel's performance was deficient and that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficiency.[9] He has not met this burden.

(a) The record shows that counsel did in fact state to the court that he was uncomfortable with the grandmother being present rather than sequestered, a point which the court treated as an objection. The court overruled the objection. Therefore, Pickett has not shown any deficiency on counsel's part or resulting harm. Moreover, we have recognized a broad discretion on the part of the trial court in controlling the trial of a case, have allowed a great deal of latitude in the examination of young witnesses, and have generally found no abuse of discretion in permitting a familiar person to sit near a young witness during his testimony.[10]

(b) Pickett's claim regarding a sleeping juror is not supported by any argument or citation of authority, and is deemed abandoned.[11]

(c) The pediatrician gave extensive testimony regarding her qualifications as an expert in the areas of pediatrics and sexual abuse. The state was not required to make a formal tender of the witness as an expert.[12] In addition, trial counsel testified at the hearing on the motion for a new trial that he chose not to overemphasize the doctor's qualifications and expertise. The trial court found that this was a valid tactical reason for not challenging the foundation. Trial strategy and tactics do not equate with ineffective assistance of counsel.[13] Inasmuch as the tactical decision was not patently unreasonable,[14] the trial court did not err in finding that Pickett received effective assistance of counsel.

3. Pickett contends the trial court erred in sentencing him to life in prison on the kidnapping with bodily injury charge. He urges that OCGA § 17-10-7 (b) (2), which provides for life without parole for a

---

[9] See Thompson v. State, 188 Ga. App. 508, 509 (373 SE2d 292) (1988).

[10] See Williamson v. State, 234 Ga. App. 658 (2) (507 SE2d 765) (1998).

[11] See Redding v. State, 246 Ga. App. 515 (541 SE2d 122) (2000).

[12] See Lindley, supra at 340 (1).

[13] See Kilpatrick v. State, 252 Ga. App. 900, 901 (1) (557 SE2d 460) (2001).

[14] See id. at 902 (1).

second serious violent felony, is not applicable because his prior felony conviction was for false imprisonment, which is not a serious violent felony.[15] Because the prior crime was not a serious violent felony, he argues, the court had discretion and could have imposed a lesser sentence.

OCGA § 16-5-40 (b) specifically provides that a person convicted of kidnapping with bodily injury "shall be punished by life imprisonment or by death." The trial court did not err in sentencing Pickett to life in prison.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2005.

*Josephine B. Jones*, for appellant.

*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney*, for appellee.