A08A2057. MANNING v. THE STATE.
(674 SE2d 408)

MILLER, Chief Judge.

A Chatham County jury convicted Charles N. Manning of one count of aggravated battery by rendering a member of his victim's body useless (OCGA § 16-5-24), two counts of aggravated assault (with attempt to rape and by the use of hands in a manner likely to result in serious bodily injury, respectively) (OCGA § 16-5-21), one count of kidnapping and an unindicted count of false imprisonment (OCGA §§ 16-5-40 and 16-5-41, respectively), and one count of elder abuse (OCGA § 30-5-8). Manning appeals from the denial of his motion for new trial, contending that (i) the trial court erred in admitting the victim's prior consistent statements into evidence, (ii) his conviction of kidnapping was supported by insufficient evidence

---

[7] Id.
[8] 226 Ga. App. 725, 726 (2) (487 SE2d 489) (1997).
[9] Id. at 727-728.

of asportation, and (iii) the trial court was required to sentence him upon his conviction of the unindicted false imprisonment offense rather than his conviction of the indicted kidnapping offense. Discerning no error, we affirm.

"When [questions] of law [are] at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). On appeal from a criminal conviction challenged for insufficient evidence, "we view the evidence in the light most favorable to support the jury's verdict," and "[the defendant] no longer enjoys a presumption of innocence." (Footnote omitted.) *Kersey v. State*, 243 Ga. App. 689, 690 (1) (534 SE2d 428) (2000). "We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citation omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005).

Construed most strongly to support the verdict, the evidence shows that Manning lured the victim, then age 74, to his apartment upon the pretense that he had pig's feet and turkey wings there which they could share. Believing that Manning was going to cook dinner for her, the victim got into Manning's car and went with him to his apartment. After getting to the apartment, Manning told the victim that he had lied to her regarding his promise of a meal. Instead, he told the victim that he wanted to have sex with her. When she refused, he asked if she were willing to perform fellatio on him. Again, she refused. Thereafter, he attempted to rape her and, in doing so, beat her with his fists, causing severe injuries to her face and an acute subdural hematoma (bleeding on the brain) which, among other things, left her with short term difficulty in speaking.

1. Manning claims that the trial court erred in admitting his victim's prior consistent statements into evidence, arguing that the victim's memory of the incident was poor and faulty. We disagree.

The challenged evidence consists of testimony provided by the victim's sister in which the sister recounted that she had been present when Manning brought the victim home; that the injuries to the victim's face were obvious; that she had dressed the victim on the morning of the incident; that she knew something was wrong because when the victim came home, she had placed both her legs through a single pant leg of her dress; that she asked the victim what happened; that the victim replied that she had gone with Manning to get food; that there had been none; that she refused Manning's requests for sex; that he knocked her down; and that he tried to penetrate her but failed; and that he hit her repeatedly and tried to rape her.

On cross-examination, the victim testified as to certain facts recounted by her sister, but stated that she was unable to recall aspects of her testimony at the preliminary hearing because she had suffered a stroke after the incident. It is well settled that "[a] party may introduce a prior consistent statement of a forgetful witness where the witness testifies at trial and is subject to cross-examination." (Footnote omitted.) *Manning v. State*, 273 Ga. 744, 745 (3) (545 SE2d 914) (2001); *Waters v. State*, 288 Ga. App. 260, 260-261 (653 SE2d 849) (2007). This is such a case.

2. Manning contends that the State's evidence of asportation was insufficient to support his conviction of kidnapping. Again, we disagree.

"A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). "The abduction required . . . need not be accomplished by force — inducement, persuasion or fraud is sufficient. . . ." (Footnote omitted.) *Pickett v. State*, 271 Ga. App. 250, 252 (1) (609 SE2d 181) (2005). Here, the evidence is that Manning persuaded the victim to accompany him to his apartment on the false supposition of having a meal together. Once there, however, Manning sought sex, and when the victim refused, the attempted rape and aggravated assault followed. Given that Manning falsely induced the victim to go with him, "an abduction within the meaning of the kidnapping statute[ ]" was established. (Footnote omitted.) *Ayers v. State*, 286 Ga. App. 898, 902 (1) (d), n. 11 (650 SE2d 370) (2007) (falsely inducing a child to enter defendant's truck upon promise to pay the child to work for him constituted abduction); see also *Pickett*, supra, 271 Ga. App. at 252 (1). Manning does not otherwise challenge his conviction of kidnapping, and we find no basis for him to do so. Accordingly, the evidence supporting such conviction was sufficient to find Manning guilty of kidnapping beyond a reasonable doubt. *Davis*, supra, 272 Ga. App. at 33.

3. Manning contends that the trial court erred in sentencing him on his conviction of kidnapping rather than the unindicted false imprisonment conviction because the jury's verdict convicting him of the kidnapping offense *and* the lesser included offense of false imprisonment, was ambiguous. Citing *Camphor v. State*, 272 Ga. 408, 414 (6) (529 SE2d 121) (2000), Manning argues that a guilty verdict on a lesser included offense operates as an acquittal of the greater offense which, under the rule of lenity, required that he be sentenced on his false imprisonment conviction. We are not persuaded.

The rule set forth in *Camphor* applies only where the jury fails to reach a unanimous verdict on the indicted greater offense but

finds the defendant guilty on the unindicted lesser offense. In that event, it "[is] error for the trial court to reject the verdict and to require the jury to continue deliberations on the greater offense. [Cit.]" Id. at 414 (6) (d). Here, Manning was convicted of the greater indicted offense of kidnapping and the lesser unindicted offense of false imprisonment. See *Johnson v. State*, 195 Ga. App. 723, 724 (2) (394 SE2d 586) (1990) (false imprisonment a lesser included offense of kidnapping where, as in this case, the element of asportation involves the same conduct which constituted false imprisonment); see also *Shue v. State*, 251 Ga. App. 50, 51 (1) (553 SE2d 348) (2001) ("The only difference between false imprisonment and kidnapping is that kidnapping requires asportation.") (footnote omitted). Conviction of both offenses absent the intervention of the trial court foreclosed any ambiguity as to the jury's intent to convict Manning beyond a reasonable doubt of kidnapping. Thus, the trial court properly entered judgment on the jury's verdict finding Manning guilty of each count of the indictment, including that of kidnapping. Because the offense of false imprisonment is a lesser included offense of kidnapping in the circumstances of this case (*Johnson*, supra, 195 Ga. App. at 724 (2)), the sentences for such offenses were properly merged. *Richards v. State*, 290 Ga. App. 360, 363 (2) (659 SE2d 651) (2008). Accordingly, "the trial court was authorized to sentence [Manning] for the greater felony offense after merging the lesser felony offense into it." (Footnote omitted.) Id.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 3, 2009.

*Michael L. Edwards*, for appellant.

*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.