## A11A1337. ROUEN v. THE STATE.
### (717 SE2d 519)

MIKELL, Judge.

Following a jury trial, Howard Rouen was found guilty of homicide by vehicle in the first degree (based on the predicate offense of felony hit-and-run)[1] and of felony hit-and-run.[2] The trial court merged the felony hit-and-run count into the vehicular homicide count and sentenced Rouen to ten years in prison on the vehicular homicide count. Rouen appeals the denial of his amended motion for new trial, asserting that the trial court erred in failing to charge the jury on the law of accident, in failing to resentence him for felony hit-and-run under the rule of lenity, and in admitting a photograph of the victim's skull. We affirm.

Viewing the evidence in the light most favorable to the verdict,[3] the record reflects that on November 14, 2008, shortly after midnight, as Rouen was driving along Cherokee Street at the intersection with McCollum Parkway in Cobb County, he struck and killed a bicyclist, John Wigren. Thomas Ross IV, who had stopped his vehicle on McCollum in order to allow Wigren to pass in front of him, witnessed the collision. Ross testified that a red pickup truck, traveling in the same direction as Wigren's bicycle, struck the bicycle from behind. Wigren's body hit the truck's hood and windshield and then "flew through the air," coming to rest on the side of the road, 82 feet from the point of impact. The impact shattered the windshield and damaged the body of the truck, causing a piece of the truck to fall off in the road. Ross further testified that the night was "partially" foggy, but that he had no trouble seeing the bicyclist or the truck.

Ross called 911 to report the accident and ran to assist the victim, who was still alive at that point. Ross left his car running, with the headlights shining across Cherokee Street, which was also

---

[1] OCGA § 40-6-393 (b) ("[a]ny driver of a motor vehicle who, without malice aforethought, causes an accident which causes the death of another person and leaves the scene of the accident in violation of [OCGA § 40-6-270 (b), felony hit-and-run] commits the offense of homicide by vehicle in the first degree").

[2] OCGA § 40-6-270 (a) requires the driver of a vehicle involved in an accident resulting in injury or death to stop immediately at the scene of the accident or as close thereto as possible and render aid. Under OCGA § 40-6-270 (b), "[i]f such accident is the proximate cause of death or a serious injury, any person knowingly failing to stop and comply with the requirements of subsection (a) of this Code section shall be guilty of a felony."

[3] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

lit by street lights. As he stood on the road next to the victim, he watched as the red pickup turned into a strip mall on the left, then "peeled out" and came back along Cherokee, past the intersection with McCollum Parkway. Ross testified that the driver of the truck "sped up" and continued on without stopping, passing Ross standing in the road, the prone victim, and the bicycle lying next to the victim. Wigren sustained multiple serious injuries in the collision and died of trauma including skull fractures and broken vertebrae.

Based on Ross's statement and on debris found at the scene, police were able to describe the vehicle involved in the collision, and the next day they issued a request for information through local media. Later that day, almost 48 hours after the collision occurred, Rouen called police to report he may have been involved in the accident. Sergeant Chris Bishop of the Kennesaw Police Department, the officer who had originally responded to the scene, interviewed Rouen at his home, located less than a mile from the scene of the collision.

Bishop testified that in the interview Rouen stated that he thought he might have hit "something," possibly a road sign or an animal, as he drove along Cherokee Street just after midnight, but that he did not see what he hit due to darkness and foggy weather conditions. He made a U-turn a short distance further on and then drove back, looking to see what he hit, but he told Bishop that he did not see anything — not the victim, the bicycle, or Ross — because of heavy fog. He did not stop but continued on to his home. He admitted that his truck had been damaged and that he did not report the accident. Instead, he drove his truck to a friend's home in Smyrna for repairs.

Rouen did not testify at trial. His defense was premised on the theory that because of the dark and foggy conditions of that night, and because the victim was wearing dark nonreflective clothing, Rouen could not have avoided the collision with the victim, nor could he determine what he hit.

1. While Rouen has not challenged the sufficiency of the evidence against him, the evidence as outlined above was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt of the charges against him, under the standard set forth in *Jackson v. Virginia*.[4]

2. Rouen asserts error in the trial court's failure to charge the jury on the law of accident.[5] However, Rouen has waived this

---

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Rankin*, supra.

[5] OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."

enumeration, and no plain error appears here.

The state contends that Rouen waived this error by failing to request the charge at issue in writing as required by Uniform Superior Court Rule (USCR) 10.3.[6] At the charge conference, however, the trial court did not reject the charge based on Rouen's noncompliance with USCR 10.3. Instead, the requested charge was rejected on the ground that it would confuse the jury because both the requested charge and OCGA § 40-6-393 (b), the statute defining vehicular homicide (hit-and-run), use the term "accident." Because the trial court addressed the merits of Rouen's proposed charge, his alleged noncompliance with USCR 10.3 did not result in waiver.[7] However, the record nowhere reveals the language of the requested charge. Rouen states in his brief, without citing to the record, that the requested charge was based on the pattern jury instruction on the law of accident.[8] The record nowhere indicates that it was the pattern jury charge that was ruled on by the trial judge.[9] Thus, this enumeration presents nothing for appellate review.

Moreover, after the judge concluded its jury instructions, Rouen specifically stated that he had no objection to them. Rouen thus failed to comply with OCGA § 17-8-58 (a), which requires that "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate."[10] Rouen's failure to object in the time and manner specified in OCGA § 17-8-58 (a) precludes appellate review of his contention that the trial court erred in failing to instruct the jury on the defense of accident, absent plain error.[11]

We find no plain error in this case. In light of the overwhelming evidence adduced against Rouen, it is highly probable that the absence of an instruction on accident did not contribute to the verdict.[12] Moreover, the trial court's instructions to the jury, as given,

---

[6] Rouen submitted 13 written requests to charge to the trial court, but the requested charges did not include a charge based on the law of accident or on OCGA § 16-2-2.

[7] See *Davis v. State*, 285 Ga. 176, 179 (2) (674 SE2d 879) (2009).

[8] The state does not address this claim in its brief.

[9] Cf. *Davis*, supra (defendant's request to charge, though not in form required by USCR 10.3, nonetheless referred to specific pattern jury charge which trial court addressed in its ruling). Accord *Kendrick v. State*, 287 Ga. 676, 678 (3) (699 SE2d 302) (2010) (same).

[10] OCGA § 17-8-58, effective as to trials occurring on or after July 1, 2007, controls in this case, because Rouen's trial took place in September 2009. See *Blankenship v. State*, 301 Ga. App. 602, 606 (4), n. 19 (688 SE2d 395) (2009).

[11] OCGA § 17-8-58 (b). See *Lacey v. State*, 288 Ga. 341, 343 (2) (703 SE2d 617) (2010).

[12] See *Hicks v. State*, 287 Ga. 260, 264 (4) (695 SE2d 195) (2010) (no plain error where highly probable that challenged jury charge did not contribute to verdict). See also *Crawford v. State*, 288 Ga. 425, 428 (3) (a) (704 SE2d 772) (2011) (failure of trial court to give instruction on accident was waived under OCGA § 17-8-58 and was not plain error).

and considered as a whole,[13] correctly set forth the elements of the crimes with which Rouen was charged and provided the jury with the "proper guidelines for determining guilt or innocence,"[14] including the state's burden of proof and the state's burden to show intent.

3. Rouen argues that the trial court erred in failing to apply the rule of lenity, which he contends would have allowed him to be sentenced for the lesser offense of felony hit-and-run under OCGA § 40-6-270 (b), rather than for homicide by vehicle in the first degree (hit-and-run) under OCGA § 40-6-393 (b). "When questions of law are at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[15] This enumeration fails, for two reasons.

First, the rule of lenity does not apply to convictions for two felony offenses.[16] Because the offenses at issue here are both classified as felonies,[17] the rule of lenity is inapplicable in this case.[18]

Second, "the essential requirement of the rule of lenity is that both crimes could be proved with the *same* evidence."[19] As the state points out, "that a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity."[20] In the case before us, the two statutes of which Rouen stands convicted do not define the same offense. Under the felony hit-and-run statute, the state is required only to prove that the defendant was *"involved in an accident"*[21] and failed to render aid as described in the statute; but under the statute setting forth vehicular homicide in the first degree (hit-and-run), the state must prove that the motorist *caused* the accident.[22] The element of causation is essential to prove first degree vehicular homicide (hit-and-run), but is not necessary to

---

[13] See *Duprel v. State*, 301 Ga. App. 469, 473 (2) (a) (687 SE2d 863) (2009) ("It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error") (punctuation and footnote omitted).

[14] (Citation omitted.) *Kennedy v. State*, 277 Ga. 588, 591 (3) (592 SE2d 830) (2004).

[15] (Citation and punctuation omitted.) *Manning v. State*, 296 Ga. App. 376, 377 (674 SE2d 408) (2009).

[16] *Poole v. State*, 302 Ga. App. 464, 467 (2) (691 SE2d 317) (2010); *Falagian v. State*, 300 Ga. App. 187, 191 (2) (684 SE2d 340) (2009).

[17] OCGA § 40-6-270 (b) (offense punishable by imprisonment for one to five years); OCGA § 40-6-393 (b) (punishable by imprisonment for three to fifteen years).

[18] See *Falagian*, supra. Accord *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002).

[19] (Citation omitted; emphasis supplied.) *Staib v. State*, 309 Ga. App. 785, 793 (3) (711 SE2d 362) (2011), citing *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004) (rule of lenity requires that "where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered") (punctuation and footnote omitted).

[20] *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007).

[21] (Emphasis supplied.) OCGA § 40-6-270 (a).

[22] OCGA § 40-6-393 (b).

prove felony hit-and-run. Therefore, the trial court correctly merged the lesser offense, felony hit-and-run, into the offense of first degree vehicular homicide (hit-and-run) and properly sentenced Rouen on the latter offense.[23]

4. Rouen contends that the trial court erred in admitting, over objection by defense counsel, a post-incision autopsy photo of the victim's skull, rather than the diagram of the skull attached to the medical examiner's report. However, "post-incision autopsy photographs are admissible if necessary to show some material fact that becomes apparent only due to the autopsy."[24] Here, the state's medical examiner testified that the skull fracture incurred by the victim upon impact was not apparent until the scalp was removed during the autopsy; that this skull injury was the most significant injury that the victim sustained; and that the injury was the result of "significant force." The photo was relevant, therefore, to demonstrate material facts concerning the cause and manner of the victim's death.[25] The medical examiner also explained that the photograph at issue would assist him in explaining and describing the victim's head injuries to the jury;[26] and that the photograph would be clearer than the diagram of the victim's skull proffered by Rouen. The trial court therefore did not abuse its discretion in admitting the autopsy photograph at issue into evidence.[27]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED OCTOBER 12, 2011.

*Jones, Morrison & Womack, Wallace C. Clayton II*, for appellant.
*Patrick H. Head, District Attorney, Henry R. Thompson, Anna G. Cross, Assistant District Attorneys*, for appellee.

---

[23] See *Manning*, supra at 378-379 (3).

[24] (Punctuation omitted.) *Smith v. State*, 283 Ga. 237, 241 (4) (657 SE2d 523) (2008), citing *Banks v. State*, 281 Ga. 678, 680 (2) (642 SE2d 679) (2007).

[25] See *McAllister v. State*, 270 Ga. 224, 228 (2) (507 SE2d 448) (1998).

[26] See id.

[27] See *Smith*, supra.