# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0493.  ANTHONY LEON ESTES v. THE STATE.**

Anthony Leon Estes was convicted of kidnapping, false imprisonment, robbery, and simple battery. He was sentenced to life imprisonment without the possibility of parole in 1997. We affirmed his convictions on appeal. See *Estes v. State*, 234 Ga. App. 150 (505 SE2d 840) (1998). In 2007, Estes filed a motion to correct a void sentence, arguing that he never received a presentence hearing and that the state failed to file a notice of its intent to seek the death penalty, as required under OCGA § 17-10-16.[1] The trial court denied the motion, and Estes then filed this direct appeal. We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Estes suggests that his sentence is void because the trial court improperly

---

[1] Estes filed a second motion to correct a void sentence in 2012, and his appeal from the denial of that motion has been docketed in this Court as Case No. A18A0494.

sentenced him to life without parole even though the state never filed a notice of its intent to seek the death penalty. See *State v. Ingram*, 266 Ga. 324, 326 (467 SE2d 523) (1996), disapproved of by *Kimbrough v. State*, 300 Ga. 516 (796 SE2d 694) (2017) (state is barred from seeking sentence of life without parole without first filing a notice of intent to seek the death penalty). As noted by the trial court, however, Estes was not sentenced under OCGA § 17-10-6 (a). Rather, because Estes had a prior conviction for rape, a serious violent felony as defined by OCGA § 17-10-6.1 (a) (4), the trial court was authorized to sentence him as a recidivist and impose a life sentence without the possibility of parole. See OCGA § 17-10-7 (b) (2) (providing that a defendant with a prior conviction for a serious violent felony shall be sentenced to life without parole upon a subsequent conviction for a serious violent felony). Moreover, regardless of whether Estes received a presentence hearing, the trial court was required to impose the mandatory sentence of life without parole. See *Edwards v. State*, 219 Ga. App. 239, 240 (1) (464 SE2d 851) (1995) (the trial court's failure to hold a presentence hearing constituted harmless error because the court imposed the statutory minimum sentence).

Because Estes has not raised a valid void-sentence claim, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __11/03/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*