# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0494.  ANTHONY LEON ESTES v. THE STATE.**

Anthony Leon Estes was convicted of kidnapping, false imprisonment, robbery, and simple battery. He was sentenced to life imprisonment without the possibility of parole in 1997. We affirmed his convictions on appeal. See *Estes v. State*, 234 Ga. App. 150 (505 SE2d 840) (1998). In 2012, Estes filed a motion to correct a void sentence, arguing that there was insufficient evidence to support his conviction for kidnapping.[1] The trial court denied the motion, and Estes then filed this direct appeal. We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Estes argues that his conviction for kidnapping is void under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), which redefined the asportation element of

---

[1] Estes filed a separate motion to correct a void sentence in 2007, and his appeal from the denial of that motion has been docketed in this Court as Case No. A18A0493.

kidnapping. However, this is a challenge to his conviction rather than his sentence. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Estes is not authorized to collaterally attack his conviction in this manner, there is nothing for this Court to review, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/03/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*